**EMPLOYERS ASSOCIATION, INC., for Itself and on Behalf of Its Member Employers, Appellee,**

v.

**UNITED STEELWORKERS OF AMERICA, AFL–CIO–CLC, Appellant,**

**State of Minnesota, Intervenor.**

**EMPLOYERS ASSOCIATION, INC., for Itself and on Behalf of Its Member Employers, Appellee,**

v.

**UNITED STEELWORKERS OF AMERICA, AFL–CIO–CLC, Defendant,**

**State of Minnesota, Intervenor/Appellant.**

Nos. 92–3636, 92–3641.

United States Court of Appeals, Eighth Circuit.

Submitted April 29, 1994.

Decided May 23, 1994.

Scott R. Strand (argued), St. Paul, MN (Michael J. Vanselow, John G. Engberg and Scott A. Higbe, on the briefs), for appellant.

Mark B. Rotenberg (argued), Minneapolis, MN (Michael J. Wahoske and James H. Curtin, on the briefs), for appellee.

Before RICHARD S. ARNOLD, Chief Judge, McMILLIAN and HANSEN, Circuit Judges.

PER CURIAM.

On March 18, 1994, we filed an opinion, 19 F.3d 405, in which a majority of this panel concurred, holding that the federal courts should abstain from reaching the merits of the preemption question presented on this appeal—whether the Minnesota Striker Replacement Act, Minn.Stat. § 179.12(9), conflicts with the National Labor Relations Act, 29 U.S.C. §§ 151 et seq., and therefore must fall under the Supremacy Clause. At the time our opinion was filed, we believed that litigation was still pending in the Minnesota state courts that might clarify the meaning of the state statute, thus either changing or obviating altogether the preemption issue.

Unknown to us, the Supreme Court of Minnesota had in fact filed, on March 11, 1994, its opinion finally and authoritatively interpreting the state law. Counsel had notified this Court of the filing of the opinion of the Minnesota Supreme Court, but the information did not reach this panel until after our opinion had been filed. The assumption on which our opinion was based—that the question of how to interpret the state statute was still pending, and unresolved, in the state courts—was thus incorrect.

On our own motion, we therefore now vacate the panel opinion previously filed in this case, an opinion based on a mistake of fact, and substitute this opinion.

The Minnesota Supreme Court has now given an authoritative interpretation to the state law. It has held that the state statute in fact does purport to prohibit employers, during the course of an economic strike, from hiring permanent replacement workers. The Minnesota Supreme Court has not given the statute any kind of strained interpretation. The statute means simply what it says and attempts to make it an unfair labor practice under state law for employers to hire permanent replacements for striking employees. See *Midwest Motor Express, Inc. v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America, Local 120,* 512 N.W.2d 881 (Minn.1994). We therefore no longer have any occasion to invoke the *Pullman* species of abstention from federal constitutional adjudication. We know what the state statute means, because the state Supreme Court, which has the last word on that subject, has clearly told us.

Ordinarily, we would now proceed to decide the merits of the federal constitutional issue. The Minnesota Supreme Court has decided this question, of course, but its decision on federal constitutional questions is not binding on us—no more than our decision on such questions would be binding on that Court. Before reaching the merits of the preemption issue, we would also have to decide whether the present controversy is ripe for adjudication by a federal court under Article III, or whether it is still so hypothetical and contingent that we would not have jurisdiction of it as a real case or controversy. However, we believe that we should defer, at least for a time, reaching these issues. It seems to us almost certain that the losing party before the Minnesota Supreme Court will petition the Supreme Court of the United States for review on certiorari. The time for filing such a petition will expire on June 9, 1994. If the Supreme Court of the United States denies review, this Court will proceed to decide the remaining issues before us. But if the Supreme Court of the United States grants review, and it seems to us that the chances of this occurring are greater than negligible, it would make little sense for us to proceed to decide the preemption issue, when whatever we decide will shortly be controlled by the Supreme Court of the United States.

We therefore believe it is the part of prudence to hold this case on our docket pending further proceedings in the Supreme Court of the United States on petition for writ of certiorari. As soon as the shape of those further proceedings becomes clear, we shall enter further orders as appropriate.

It is so ordered.